**In re Jay Melvin RONECKER, Debtor.**

**Bankruptcy No. 95–47221–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Jan. 29, 1997.

tary and not the attorney signed the attorney's signature in places requiring the attorney to sign.

John J. Hall, Summers, Compton, Wells & Hamburg, St. Louis, MO, for Trustee.

Phyllis Schauffler, Husch, Eppenberg, St. Louis, MO, for Movant.

Richard K. Brunk, Chesterfield, MO, for Debtor.

### *ORDER*

JAMES J. BARTA, Chief Judge.

The matter being considered here is the motion of Commerce Bank, N.A. ("Movant") for the allowance of attorney's fees pursuant

to 11 U.S.C. § 506(b). The Movant is listed as a secured creditor in the Debtor's schedules. David A. Sosne, the duly appointed Chapter 7 Trustee ("Trustee") filed a written response in opposition to the motion. Counsel for the Movant and Counsel for the Trustee appeared at a hearing on January 23, 1997 and presented brief oral argument on the record. The matter was thereafter taken under submission by the Court. These determinations and orders are based upon a consideration of the record as a whole.

The Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 on November 20, 1995. On February 20, 1996, the Trustee filed a motion to compel the Debtor to turn over a 1993 Jeep Cherokee for evaluation as part of the Trustee's administration in this case. On April 30, 1996, after the Trustee's attempts to settle the matter were unsuccessful, the Court entered an Order that granted the Trustee's second motion[1] to compel turnover and ordered the Debtor to surrender the vehicle to the Trustee's agent no later than May 6, 1996.

The Debtor failed to comply with this deadline and the Trustee reported that he had continued to negotiate with Debtor's Counsel concerning the value of this vehicle. On May 24, 1996, Commerce Bank filed a separate motion to compel the Debtor to comply with the Court's Order of turnover, or alternatively for relief from the automatic stay. The Debtor surrendered the vehicle to the Trustee's agent on May 30, 1996. The Commerce motion to compel the Debtor to comply was denied without prejudice after the Bank withdrew its request. The Trustee reported that the vehicle was sold at a public sale on October 5, 1996. After the Movant was paid principal and interest in full, and after the authorized expenses of sale were satisfied, the Trustee deposited the amount of $3,701.46 into the Bankruptcy estate account for distribution in this case. The Movant has requested payment of its attorney's fees from this amount.

Section 506 of the Bankruptcy Code deals with the determination of the secured status of allowed claims. Under subparagraph (b), the holder of an allowed secured claim is permitted to recover certain amounts over and above the value of the creditor's interest in the estate's interest in the Debtor's property.

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

**11 U.S.C. § 506(b).**

■ A consideration of the applicability of Section 506(b) must begin with an examination of the claimant's allowed secured claim. In a Chapter 7 case, a claim is allowed if, after a proof of claim is filed, no party in interest objects; or if an objection is filed to a proof of claim, the Court orders that such claim be allowed; or if the Court estimates a claim for purpose of allowance. *See* 11 U.S.C. §§ 501 and 502; Rule 3002, Federal Rules of Bankruptcy Procedure; King, 4 Collier on Bankruptcy ¶ 501.01[2][a], p.g. 501–4; *I.B.M. v. Fernstrom Storage and Van Company*, 938 F.2d 731, 733 (7th Cir.1991).

■ Although the deadline to file a proof of claim has not expired in this case,[2] the Movant had not filed a proof of claim prior to the hearing on this motion. Nonetheless, in the circumstances presented here, the combination of the Movant's documents in this matter, and in its motion for relief from the automatic stay comport with the policy of insuring that the parties involved in a proceeding are made aware of the claims against the Debtor's estate. *See In re PCH Associates*, 949 F.2d 585, 605 (2nd Cir.1991). Therefore, the Court has determined that the Movant's documents are collectively an informal proof of claim for principal and interest which is allowed as a secured claim in this

---

1. The Trustee's first motion had been withdrawn on March 5, 1996.

2. The Court has set February 11, 1997 as the last day to file a proof of claim.

case. The request for the allowance of attorney's fees must be considered further.

The parties have agreed that after any recovery of reasonable, necessary costs and expenses of preserving or disposing of the property, the value of the vehicle as determined by the sale proceeds, is greater than the amount of the Movant's claim. *See* 11 U.S.C. § 506(b).

The Court must next determine whether the Movant's fees, costs, and charges are provided for under the agreement under which the claim arose. The Movant has directed the Court to certain language in the Security Agreement signed by the Debtor.

> Expense of retaking, holding, preparing for sale, selling and the like, shall include the secured party's reasonable attorney's fees and legal expenses. Debtor agrees to pay all reasonable attorney's fees and legal expenses allowable by law, incurred by secured creditor in enforcing its rights under this agreement.

*Security Agreement, Movant's Exhibit A to "Motion for Allowance of Attorney's Fees Pursuant to 11 U.S.C. § 506(b), ¶ 6, Bankruptcy File Document Number 42."*

■ The parties did not direct the Court to a specific provision in the language of the security agreement that included these charges and expenses in the grant of a security interest. Nor has there been a suggestion that the fees and charges are otherwise includable in the security interest by operation of nonbankruptcy law. However, the absence of nonbankruptcy authority is not meaningful here, because the determination of the validity of these provisions in the agreement is to be based on Federal law. The Court finds and concludes that under Section 506(b) the fees, costs, or charges, including attorney's fees are provided for under the parties' agreement under which the Movant's claim arose and therefore may be allowed against the additional value of the collateral. *See Discussion at King, 4 Collier on Bankruptcy, ¶ 506.03[3][a] ppg. 506–42 to 506–45.*

■ Having recognized the validity of the Movant's claim for attorney's fees, the Court must next determine the reasonableness of the fees, costs and charges described in the Movant's invoice dated December 20, 1996. *Movant's Exhibit C, Motion for Allowance of Attorney's Fees pursuant to 11 U.S.C. § 506(b), Court Document Number 42.* In the absence of language to the contrary, the reasonableness of fees that are recognized under a Federal Statute (Section 506(b)), and that are to be paid as part of a Federal proceeding (a Bankruptcy case) is to be determined by Federal law.

■ The nature of the legal services that are to be compensated must be described in supporting documents with sufficient detail to allow the Court to determine that the services provided are directly related to the services and fees contemplated under the agreement. The supporting documents must identify the persons providing the services, and the usual hourly billing rate for such persons. The supporting documents must also contain sufficient detail to permit the Court to determine that the services were necessary to the enforcement of the rights for which the fees are recognized under the agreement.

In the matter being considered here, the Movant was paid the amount of $2,887.36 from the proceeds of the sale of the Debtor's motor vehicle. This motion requests the additional allowance of $1,813.00 as fees and $119.31 as reimbursement for photocopy and other charges.

■ The description of services submitted in support of this motion refers to several items that appear to be ministerial or quasi legal in nature. Reviewing loan documents, updating a database, reviewing the status of the case, retrieving the Court's computerized docket, internal telephone conference calls, and similar matters, although otherwise payable by a client, are generally not compensable under Section 506(b). One item listed as .30 hours on February 15, 1996, which refers to a second and third amended plan, appears to be an erroneous entry in this Chapter 7 case.

■ Those legal services that clearly arise under the parties' agreement and that are reasonable in the Bankruptcy context include, but are not limited to appearance on

behalf of the client at the Section 341 Meeting of Creditors; prosecution of a motion for relief from the automatic stay; preparation of a reaffirmation agreement; and telephone calls to the Debtor's Attorney and to the Trustee concerning the client's collateral.

Due in part to the Debtor's delay in surrendering the motor vehicle, Movant's Counsel was required to participate more actively in this case than would normally occur in a Chapter 7 consumer case. Some of this additional time must be off set by similar services performed by the Trustee's Attorney in liquidating this asset. Therefore, the reasonable fees in this matter will be only slightly more than the amount that might be allowed under Section 506(b) in a Chapter 7 case involving a more cooperative debtor. Therefore,

**IT IS ORDERED** that this matter is concluded; and that the Trustee's objection is sustained in part; and that the motion of Commerce Bank, N.A. is granted in part; and that the Movant is allowed the amount of $850.00 from the proceeds of the sale of its collateral, as reasonable fees under the agreement with the Debtor pursuant to 11 U.S.C. § 506(b); and that the Movant's request for an immediate payment of such allowed amount is denied; and that the Trustee is to pay this allowed amount as part of the final distribution of assets in this case.